1835.

Hoffman
v.
Tredwell.

---

### HOFFMAN *vs.* TREDWELL and others.

Where a party is relieved against an order or decree regularly obtained against him by the adverse party, upon certain terms or conditions specified by the chancellor in his decision, it is the duty of the party applying for such relief to draw up and enter the order granting the same, without any unreasonable delay; and if he neglects to do so, the adverse party, upon filing an affidavit showing such neglect, and that the terms upon which the court directed such relief to be granted have not been complied with, may proceed to carry into effect the original order or decree, without entering an order upon the application to be relieved against it.

When a party obtains an order for relief from a regular proceeding against him in the suit, upon certain terms to be performed by him as a condition of such relief, he must seek the solicitor of the adverse party, and perform, or offer to comply with such terms, or he will lose the benefit of the order.

March 3.

ON the second of July, 1834, the complainant's bill in this cause was regularly dismissed, as to four of the defendants, with costs, for want of prosecution. An application was afterwards made to vacate the order dismissing the bill, upon excuse shown for the delay of the complainant. And on the sixth of August the chancellor directed the order dismissing the bill to be vacated, on condition that the complainant within twenty days paid to the solicitor of these defendants the costs of the order to dismiss and the costs on the subsequent application; and within four months procured the cause to be in readiness for hearing as to certain defendants who had not then appeared. But if these conditions were not complied with, then the order dismissing the bill was to be and remain in full

1835

Hoffman
v.
Tredwell.

force. The defendants' solicitor procured the costs, directed to be paid, to be taxed, and called upon the complainant's solicitor for payment ; but was informed by him that he had a copy of the order, and that the payment of the costs was not made a condition of the order vacating the former order of dismissal. The costs were not paid ; and the defendants' solicitor afterwards ascertained that the complainant's solicitor had neglected to draw up and enter the order of the sixth of August. The solicitor for the four defendants, as to whom the bill had been dismissed, thereupon drew up the order of the sixth of August on the 20th of November, and procured it to be entered as of the former date ; and on an affidavit that the terms of that order had not been complied with, he obtained an enrolment of the original order, of the second of July, dismissing the bill as to these four defendants, with costs. The complainants thereupon applied to the chancellor to vacate the enrolment, and for leave to proceed in the cause, upon such terms as might be equitable and just.

*J. Rhoades,* for the complainant.

*J. V. L. Pruyn,* for the defendants.

THE CHANCELLOR. In this case the defendants who appeared by Mr. Silliman, had obtained a regular decree for the dismissal of the bill, as to them, for want of prosecution. And by the decision of the court that decree was to stand, unless the complainant thought proper to vacate the same, by complying with the terms imposed upon her by the court, on the sixth of August. One of those terms was, that she should pay certain costs within twenty days. And if the order was not drawn up and entered as of that date, it should, if subsequently entered, have directed the costs to be paid within 20 days after the sixth of August. It was the business of the complainant to cause the order to be drawn up and entered ; and to seek the solicitor of the adverse party, and offer to pay the costs, as soon as they could be made out and ascertained, by taxation or otherwise, if she wished to have the benefit of

her application.   It would, therefore, have been sufficient for the solicitor of the defendants, in order to entitle himself to proceed upon the order of dismissal, to have made an affidavit, stating the terms upon which it was to have been vacated by the decision of the court, and that the complainant had neglected to enter any order upon such decision, or to comply with the terms imposed.   The complainant has sustained no injury by the entry of the order as of the day when it should have been entered by her solicitor ; and the proceedings of the solicitor for the defendants are regular.

But as the complainant is alleged to be poor, I do not think it proper to subject her to the unnecessary expense of a new suit, for the mistake of her solicitor.   If the costs directed to be paid by the order of the 6th of August, and which have already been taxed and demanded of the solicitor, are paid within twenty days from the time of pronouncing this decision, and if all subsequent costs, including the costs of resisting this application, are paid within ten days after service of a taxed bill thereof on her, or her solicitor, the order dismissing the bill, and the enrolment of that order, are to be vacated and set aside ; and the suit is to proceed against the surviving defendants.   But if these terms are not complied with by the complainant, the suit may be revived as to the personal representative of John Tredwell, upon a proper application for that purpose ; and an execution may be taken out for the costs upon the decree or order for dismissal.   The complainant, in that case, is also to pay to the solicitor of the three surviving defendants as to whom the bill was dismissed, the costs of opposing the present application.