Sellar agt. Sage.

## SUPREME COURT.

### SELLAR agt. SAGE.

In no case is it necessary or proper to set out in the complaint the *facts* essential to obtain an order of *arrest*, or to warrant an execution against the *person*, when no such order has been obtained.

When an order to arrest is desired, or an execution against the person is wanted, an application, in either case, is to be made to a judge on affidavit for such order.

In this case, the complaint alleged an indebtedness of the defendant, and that the debt was *fraudulently contracted*, and prayed judgment for the amount of the debt and interest, and an *execution against the body of the defendant*. A motion to strike out, as irrelevant and redundant, that part alleging that the debt was fraudulently contracted; and the prayer for execution against the body was granted, with costs.

*New-York Special Term, Oct.,* 1856.

MOTION by defendant to strike out part of complaint, as irrelevant and redundant.

The complaint alleges an indebtedness of the defendant, and that the debt was fraudulently contracted, and prays judgment for the amount of the debt, $164, and interest, and an execution against the body of the defendant.

The motion is to strike out of the complaint that part of it

Sellar agt. Sage.

relating to the fraudulent contracting of the debt, and the prayer for execution against the body of the defendant.

T. Darlington, *for defendant.*
W. W. Niles, *for plaintiff.*

Davies, Justice. The complaint is to contain " a plain and concise statement of the facts, constituting a cause of action." (*Sub.* 2, § 142, *of the Code.*) Nothing else should be there, except what is necessary to enable the plaintiff to recover. (*Clark* agt. *Harwood,* 8 *How. Prac. Rep.* 472.)

Now it must be conceded that the statements in relation to the manner in which the debt was contracted, are not necessary to enable the plaintiff to obtain judgment. They are manifestly and avowedly put in to enable the plaintiff to do something else—to have an execution against the body of the defendant after judgment shall have been obtained. The complaint thus presents two issues to be tried by the jury.

1st. The fact of indebtedness.

2d. The fraud alleged, and which, if found in favor of the plaintiff, would entitle him to the second branch of the judgment prayed for, viz., an execution against the body of the defendant.

I am quite satisfied that the Code never intended to sanction such a system of pleading, or authorized such issues to be raised to be tried by a jury.

Section 179 prescribes the cases in which a defendant may be arrested. Section 180 prescribes how the defendant may be arrested, and the issue raised is to be tried by a judge to whom the order is applied for, or who may be called on to vacate it.

If the order of arrest is granted, and remains in force till judgment, the defendant, on a return of execution unsatisfied as to his property, may be arrested and imprisoned on an execution against his body.

The case of *Cheeny* agt. *Garbutt,* (5 *How.* 467,) is full authority for this.

Section 288 of the Code authorizes an execution against the

person of the defendant, if the action be one in which defendant might have been arrested under §§ 179, 181.

In such a contingency, that is, where the defendant has not been arrested under these sections, the practice to be pursued is, I think, correctly laid down by EDMONDS, J., in *Squire* agt. *Flynn*, (2 *Code Rep.* 117.) If the plaintiff desires to have an execution against the body of the defendant, he must, on affidavit, make application to a judge for an order for that purpose.

Judge EDMONDS, in that case, says, "A defendant can, in no case, be arrested in an action on contract, without a judge's order. The mere fact that the debt has been fraudulently contracted is not enough to warrant the arrest. That fact must be accompanied by a judge's order and an undertaking." It is thus seen that there is no necessity for any allegations in the complaint, in reference to the fraudulent contracting of the debt, either for the purpose of arresting the defendant, in the first instance, or to enable the plaintiff to have an execution against his body after judgment.

I entirely concur in the remarks of Judge WELLES, in *Cheney* agt. *Garbutt*, (5 *How.* 468 :) "The kind of execution is not what is intended by the relief to be demanded in the complaint. The only imaginable use of introducing the facts which are the grounds of the defendant's arrest into the complaint, where such facts are extraneous to those constituting the cause of action, would be to allow the defendant the opportunity of taking issue upon them, and of trying it as other issues made by the pleadings are tried."

"I think the legislature have provided a different mode of trying the question, and that is, by an application to vacate the order of arrest under § 204. There may be objections to this mode of trial, and yet it is not without its advantages to the defendant."

But whatever doubts may have existed on this subject—and there certainly have been many and great, and the decisions contradictory and irreconcilable—it seems to me they must now be regarded as at rest, since the decision by the court of appeals

Sellar agt. Sage.

of *Corwin* agt. *Freeland.* (2 *Seld.* 560.) This overrules the decision of the same case in 6 *How. Prac. Rep.* 241.

In this case, an order was made holding the defendant to, bail, and which remained in full force, never having been vacated. That upon that order the defendant was arrested and held to bail. The complaint contained no allegation of fraud, and no order of arrest, or copy thereof, or of the affidavits upon which it was founded, were annexed to the judgment-roll.

The plaintiffs caused an execution against the property of the defendant to be issued, and it was returned unsatisfied, and they then issued an execution against the person of the defendant, and caused him to be arrested and imprisoned.

The defendant sued the plaintiff for such imprisonment, alleging that the same was illegal. The general term of the sixth district held that an execution must follow the judgment, and be warranted by it; and that when the cause of arrest exists at the time of drawing the complaint, it should be stated in the complaint.

After a very extended and interesting discussion, the court came to the conclusion that the arrest was illegal, and that the plaintiffs in the original judgment had rendered themselves liable to the action for false imprisonment.

This case was taken to the court of appeals, and the judgment of the general term reversed. It seems to me, that since this decision has been pronounced, there ought to be no diversity of opinion as to the proper practice to be pursued.

The result of my reflections, and examination of the authorities is,

1. In no case is it necessary or proper to set out in the complaint the facts essential to obtain an order of arrest, or to warrant an execution against the person, where no such order has been obtained.

2. That when an order to arrest is desired, or an execution against the person is wanted, an application in either case is to be made to a judge, on affidavits, for such an order.

These views were taken by WELLES, Justice, in *Field & Stone*

agt. *Morse*, (8 *How.* 47,) and is a direct authority for granting the defendant's motion.

The case of *Harris* agt. *Cone*, (10 *How.* 259,) is in direct conflict with the decision of the court of appeals in *Corwin* agt. *Freeland, supra,* and cannot therefore be regarded as law. It must have been made by my learned predecessor, without his attention having been called to this latter decision, and probably on the strength of the opinion given in that case at general term.

The motion of the defendant must be granted, with $10 costs.