## WARREN *a.* WENDELL.

*Supreme Court, Third District; Special Term, November,* 1861.

CONTINUANCE OF STAY OF PROCEEDINGS.—MATERIALITY OF ISSUES.—VACATING AN ORDER OF ARREST.

Where a plaintiff's proceedings had been stayed until a motion was decided, and the decision of that motion contained a continuance of the stay, and the plaintiff entered judgment before the service of a copy of the order made upon such decision,—*Held,* that the judgment was irregularly entered and should be vacated.

The true construction of section 204 of the Code, as amended in 1858, permits a party against whom an order of arrest has been issued to give bail and perfect it, and thereafter move to vacate the order of arrest.

The complaint in an action on contract, set forth a fraud in the contracting of the debt, and the defendants, in their answer, took issue directly on the question of fraud, and the court, upon the trial, expressly found that there was not fraud. The plaintiffs had, at the commencement of the action, procured, upon

affidavits, an order of arrest, and this order the defendants moved to set aside, upon affidavits, and upon the finding of the court. *Held*, that the issue, as to the fraud, raised by the pleadings, was material, and the finding thereon, so long as not appealed from, was conclusive against the plaintiff's right to arrest the defendants.

Motion to vacate a judgment for irregularity, and to vacate an order of arrest and proceedings under it.

The defendants, in this action, were partners at the commencement of the action, upon affidavits that the defendant, Wendell, falsely represented that one Isaac T. Grant (a responsible person), was his partner in the firm of Wendell & Grant; and so procured from the plaintiff the sale and delivery of the goods, to recover the price of which the suit was brought; when, in truth, one George W. Grant (a man of no means) was his partner; an order of arrest was obtained, and bail was put in, on the arrest.

The complaint contained the allegations of the fraudulent representations (as to which Grant was the partner, &c.), and the answer, admitting the purchase of the goods, and the defendant's liability for the price, denied the fraudulent contracting, &c.

On these pleadings, the case went to trial at the circuit; and by consent was tried by the judge, without a jury. He found in favor of the plaintiffs, as to the sale, &c., and ordered judgment for the price, with costs, but expressly found that there was no fraud in the contracting of the debt.

On the trial, the testimony of Wendell was taken; in which he flatly denied the fraudulent representation, and averred that, prior to the sale, he introduced George W. Grant as his partner, at plaintiffs' store; and the plaintiffs went into evidence to establish the making of the fraudulent representations. But on arguing the case to the judge, the plaintiffs claimed the right to decline the issue on the question of the fraud; claiming that the issue thereupon, in the pleadings, was immaterial and should not be heard; and the plaintiffs also insisted that the judge could not regularly make any finding on that point.

The defendants, when the judge announced his finding on that fact, moved, on the spot, that the order of arrest be vacated, and the bail exonerated. This the judge declined to grant,

but left the defendants to their motion for that purpose at special term; at the same time ordering a ten days' stay of proceedings to enable the defendants to prepare papers for such a motion. Within the ten days the defendants prepared such papers, and on them, with an accompanying notice of motion, procured an order staying the plaintiffs' proceedings until the making of the motion pursuant to the notice; and if the motion were so made, until its decision. The motion was made, as by notice; and at the special term it was denied for a technical reason, with leave to the defendants to renew it. This having been announced, the plaintiffs' attorney left the court-room. The defendants' attorney at once asked and received a continuance of the stay until the motion could be renewed, &c. The defendants' attorney then entered the order, which was entered in that form, and only in that form, and it was, in that form, served on the plaintiffs' attorney, in two days thereafter, with notice of the renewed motion.

On leaving the court-room (as above), and before he had any actual notice of the order, or how it was entered, the plaintiffs' attorney entered up judgment, and issued execution, and one of the defendants was arrested. The motion to vacate the judgment as irregularly entered, and to set aside the execution and arrest, and, also, the motion to vacate the original order of arrest, came on to be heard together.

*J. Holmes*, for the motion.

*W. A. Beach*, opposed.

GOULD, J.—It would seem that, when an order is with a stay until a motion is decided, and the decision of that motion contains a continuance of the stay, there is no point of time, at which there is not an operating stay. Nor is it easy to see how a party, who is stayed until the making and decision of a motion, can take notice of the fact that there has been a decision of that motion, without taking notice of the terms of that decision. In this case the plaintiff proceeded on the decision, without taking notice that, by that decision, the stay was continued.

It is quite true, that the manner of the mistake is fully explained, so that there was no breach of good faith, or of fair

practice, in entering up the judgment. But, nevertheless, the judgment was entered while there was an actual stay, and a stay binding on the plaintiffs. It would, therefore, seem that the judgment entered by the plaintiffs' attorneys, was irregularly entered, and that it cannot stand in the way of making this motion.

The point that defendants are too late for making this motion, because they have given bail and justified (15 *Barb.*, 26; 25 *Ib.*, 333), can hardly be sound, in view of the amendment of section 204 of the Code, made in 1858, since that expressly says that, at any time before judgment, a party may apply to vacate the order, or reduce the amount of bail; clearly providing for a case where bail had been put in. The meaning of the present provisions is, that to avoid being actually confined, a party may give bail and perfect it (either opposed or not), and thereafter have time to make out papers, and move for a vacation of the order, until judgment entered.

In other points this case is peculiar, since the complaint—drawn as if to call for an execution against the person, without any preliminary arrest—sets forth a fraud in the contracting of the debt. And the defendants, in their answer, take issue directly on the question of fraud. On these pleadings they go to trial, and the judge (on a trial without a jury) expressly finds that there was not fraud in contracting the debt. Against such finding the plaintiffs protest, but the judge insists, and it is so expressly found, and is in the judgment.

Independently of the allegations in the complaint, the plaintiffs, on affidavits, procured an order of arrest, and had the defendants arrested. And the motions now are, to vacate the judgment entered by the plaintiffs, and also to vacate the order of arrest, and proceedings under it, on the proof made at the trial by Wendell, one of the defendants, and on the said finding of the judge.

The plaintiffs claim that the issue, as to the fraud, was improperly in the pleadings, citing 13 *How. Pr.*, 230; 20 *Ib.*, 236, both based on 2 *Seld.*, 560. But, with all deference to both the opinions in Howard, it would seem that both err in saying that the case in Selden is an authority for the position that such allegations cannot be properly made in the complaint. For while this latter case certainly does decide, that the grounds

Warren *a*. Wendell.

for an execution against the person need not appear in the pleadings, it, as certainly, says (at p. 566) of the plaintiff's right to issue execution against the person of a defendant,— "there are two ways, in which it may be made to appear : one, by affidavit and an order to arrest; and the other, by embracing in the pleadings, the facts which authorize the arrest," This would seem to be an authority directly in point, that such allegations do belong in the pleadings. And if the allegations do, of necessity, a denial of them is proper on the part of the defendant. It follows, that the issue on them, in this case, was material, and the finding thereon conclusive on the plaintiffs, so long as not appealed.

Were I to hear this motion on the affidavits merely, I am by no means sure that I could properly decide to vacate the original order. For though there is a direct contradiction, by Wendell, of the affidavit of the plaintiffs' clerk, Lawrence, G. W. Grant's affidavit, that he was ever introduced to Lawrence, by Wendell, as being Wendell's partner, is not produced. Still, it is to be noted, that Lawrence's denial of any such introduction is limited to the period "prior to the purchase of the goods," without saying any thing as to Grant's having been so introduced at any time. Further, there is nothing in any of the affidavits, which even alleges that G. W. Grant made any representations whatever, or knew of Wendell's making any. So that, as to his arrest, there would seem to be no foundation for it.

On the whole, it seems difficult to avoid the conclusion, that a deliberate finding on the trial, properly made then, and properly embodied in the record, does over-reach the preliminary order of arrest, and really adjudicate that it should be vacated.

Motions granted.