### JOHN STEWART *et al. v.* LOUIS BERGE.

On an appeal from a judgment of a District Court, and pending a stay of proceedings thereon, an order was made, on motion of the respondent, that the appeal should be dismissed unless the return was filed within a specified time. The return was not filed within such time, and the respondent, upon filing an affidavit to that effect, issued execution on the judgment. *Held,* that this was irregular, and that the appeal was not dismissed without the entry of an order to that effect.

Where a motion is granted conditionally upon the failure of the opposing party to do a certain act, if the act is not performed, the proper practice is for the moving party to show, by affidavit, such failure to perform, and thereupon to apply *ex parte* for an order granting the motion absolutely.

APPEAL by plaintiffs from an order setting aside an execution on the ground that it had been issued pending a stay created by an appeal.

Plaintiffs having recovered a judgment in the Eighth District Court, the defendant appealed and gave security to secure a stay of proceedings pending the appeal. On April 22d, 1872, Judge Loew made an order for the defendant to procure the return to be filed on or before April 27th, 1872, or an order to be entered dismissing the appeal, and on April 29th, a further order for the defendant to have until and including May 6th, to procure the return to be filed, and if not so filed the appeal to be dismissed. On June 25th, 1872, the plaintiffs' attorney filed an affidavit that Judge Loew's orders had not been complied with, and issued execution on the judgment, as if the appeal had been dismissed.

On application of the defendant the execution was vacated on the ground that it was issued pending the stay by reason of an appeal having been perfected and never dismissed. The other facts necessary to an understanding of the case are stated in the opinion.

*David McAdam,* for appellants.

Where a party is relieved from a regular order on terms, it is the duty of the party applying for such relief, to draw up and enter the order granting the same, and if he neglects to do

so, the adverse party, upon filing an affidavit showing such neglect, and that the terms on which relief was to be granted have not been complied with, may proceed to carry into effect the original order, without entering an order, upon the application to be relieved against it (*Hoffman* v. *Tredwell*, 5 Paige, 82). The terms of the order of April 29 were never complied with, and on filing an affidavit to that effect, an execution was issued. This was regular. It certainly did not require another argument to make the orders of Judge Loew, made after argument, effective, nor was an *ex parte* order necessary to make these effective (see Daniel's Ch. Pr. 4th Am. ed. vol. I, p. 741).

*C. F. Wetmore*, for respondents.

By the Court.*—Daly, Ch. J.—The plaintiff in this case moved to dismiss the appeal for the want of a return and the final order made by Judge Loew, April 29th, 1872, was that the defendant should have to and including the 6th of May following to procure the return to be filed, and that if it were not filed on or before that day, the appeal was to be dismissed with costs. If the return had been filed within the time limited, that would, of course, have put an end to the motion. If it were not, then an affidavit of the fact should have been made, and an order obtained dismissing the appeal for the reason that the defendant had failed to comply with the condition. The order was that the appeal was *to be* dismissed *if* the condition was not complied with, which contemplates that it should, in some way, appear that the return had not been filed, to entitle the appeal to be dismissed.

It has been the practice of this court, as long as I have been in it, and so far as my knowledge extends, the general practice, where a motion is granted unless the other party comply with a certain condition, to present an affidavit *ex parte*, that he has failed to do so, and take a final and absolute order, which is granted by the judge as a matter of course. upon the reading of the affidavit. The reason for the practice is that it may be a question whether he has or has not complied; whether what has been done was or was not a compliance with the con-

* Present, Daly, Ch. J., Larremore and J. F. Daly, JJ.

dition; for such cases have, within my knowledge, occurred. The taking and entry of an absolute order therefore upon an *ex parte* affidavit, and the service of it upon the other party, advises him formally that the conditional order has become absolute; so that if there be any ground for disputing it, he may move to have it set aside.

The plaintiff did nothing of this kind. The defendant, through no fault of his, was unable to procure the justice's return, as the stenographer's notes could not be found. He might, it is true, have previously moved to attach the justice for contempt, which would have been a somewhat ungracious proceeding, when he knew the real cause of the delay, and probably expected that the notes would be found. On the 6th of May, the last day for the performance of the condition, he obtained an order for the justice to show cause, on the 17th of May following, why he should not be attached for contempt, containing a stay of all proceedings on the part of the plaintiff in the meanwhile, which order was served upon the defendant; who, notwithstanding the stay of proceedings, and while it was pending, issued execution upon the ground that Judge Loew's order took effect upon the 6th of May, as an order dismissing the appeal absolutely.

In this I think he was in error. The order of Judge Loew was conditional. It was not to become absolute unless the defendant failed to comply with the condition, and of this the court should have at least presumptive evidence in the form of an affidavit *ex parte*. The order of Judge Loew, moreover, did not preclude the defendant from applying for further relief upon facts transpiring after that order was made. Upon the facts as they existed at the time of the granting of that order there could be no new or different order, the remedy being by an appeal to the general term. But the order for the justice to show cause why he should not be attached for contempt, was founded upon an affidavit setting forth all that had taken place before Judge Loew, down to and including his order of April 29th, and also that the defendant had applied again to the judge for a return setting forth the facts, and that no return had been made; so that Judge J. F. Daly, in allowing a stay of proceedings

until that motion could be heard on the 17th, knew all that had occurred before Judge Loew, and having additional facts before him, could give further relief if he thought proper, which he did in part by ordering a stay of proceedings until the hearing of that motion. It appears, by the affidavit of the defendant's attorney, that the conditional order of Judge Loew was not formally entered until after the time prescribed in it had gone by; that is, on the 14th of May, when it was entered by the plaintiffs' attorney, and a copy of it served upon the defendant. This was irregular, for the stay of proceedings was then pending, and equally so the issuing of an execution, upon the assumption that by the entry of that order the appeal was dismissed. A stay of proceedings, even if improperly granted, cannot be disregarded, and the opposite party cannot take any step intermediate the service of the order and the hearing of the motion to show cause upon which it is granted (*Harris* v. *Clark*, 10 How. Pr. 416; *Warren* v. *Wendell*, 13 Abb. Pr. 187).

We are referred to the case of *Hoffman* v. *Tredwell*, 5 Paige, 82. In that case the complainant's bill was dismissed for want of prosecution. On the complainant's application the chancellor made an order vacating the dismissal, upon the payment of the costs of the defendant's solicitor, within a certain period. This order the complainant did not enter, and not having paid the costs upon demand, the defendant's solicitor had the order entered as of the original date, and, upon an affidavit that the terms of the order had not been complied with, he obtained an enrollment of the original order dismissing the bill. Whether a further decretal order was entered upon this affidavit, upon which the enrollment was made; which, under our Revised Statutes, was the attaching together the papers in the cause, and the filing of them by the register (2 Rev. Stat. 181, § 97), does not appear. The chancellor simply states that it was sufficient for the defendant's solicitor, in order to entitle him to proceed upon the order of dismissal, to have made an affidavit stating the terms upon which it was to have been vacated by the decision of the court, and that the complainant had neglected to enter any order upon such decision, or to comply with the terms imposed. Probably, upon the presentation of the affidavit to the register, he enrolled the

original order which was not, as in this case, a conditional one, but an absolute order dismissing the bill; for the register was an officer who settled the decrees or decretal order upon a hearing of the parties, unless, at his or their request, the chancellor or vice-chancellor·who made the decision was applied to to settle it. The case, however, shows that the decretal order could not have been enrolled without this affidavit, to be submitted either to the register or the chancellor, and without the enrollment no execution or further proceedings could have been had upon or under the decretal order dismissing the bill (Chancery Rules, No. 111). By analogy, therefore, the practice recognized in this case as the correct one, is substantially the same as the practice which, as I have said, has always prevailed in this court.

Order affirmed.