### JAMES HOVEY and wife vs. JAMES M'CREA.

In the computation of time for service of notice of motion, &c., *five* days is sufficient (under the code) for any number of miles *under* one hundred. The code intending to require five days' notice for fifty miles, and six days for (additional fifty,) one hundred miles, and so on.

An injunction cannot be granted (on motion) under the first branch of § 192 of the code (original) without the complaint contains a demand for it, as part of the relief sought. Nor can it be granted under the second branch of that section, unless the act to be prevented shall "tend to render the judgment," which is sought to be obtained, "ineffectual." It *seems* that, under this latter branch of the section 192, the necessity should *arise during* litigation.

Thus, where plaintiffs moved for an injunction, to restrain the defendant from proceeding in action of ejectment, and demanded in their complaint (after setting out an agreement to convey the premises to plaintiffs,) relief as follows: "Wherefore, the said plaintiffs demand judgment that said J. M'C. shall fulfil his said agreement, and give them a deed of the above described premises, and that their costs be awarded to them on this complaint." *Held*, that an injunction could not be granted under the code, § 192.

*St. Lawrence Special Term, December,* 1848.

Mr. RUSSELL, *for plaintiff.*

Mr. DART, *for defendant.*

HAND, Justice.—This is a motion for an injunction to restrain the defendant from proceeding in an action brought by him to recover two parcels of land which plaintiffs say should be conveyed to them. The complaint alleges that the defendant made an agreement with the plaintiffs, by which he was to convey about 25 acres to James Hovey, and

also a smaller piece to his wife for life, all for a gross sum. If the contract was in fact made with both of the plaintiffs, as the piece agreed to be conveyed to the wife was a building spot, contiguous to the other; probably she will not be willing to take a conveyance of that unless the other shall also be conveyed to her husband; and perhaps she may be entitled to join him as co-plaintiff under the code, in a suit for both pieces. If the complaint is true, there may be such part-performance as *prima facie* entitles the parties to a deed. Admitting all this to be so, are the plaintiffs entitled to an injunction on this motion?

The first objection is, that Canton is over ninety miles from the residence of the defendant's attorney, though less than one hundred miles. The code, (§ 374) requires the service to be five days "if the person to be served reside within fifty miles of the place where the hearing is to be had; and, for every additional fifty miles, one day shall be added to the time of notice." "There is not an additional fifty miles," although nearly so, and a part of a day cannot be added to the time. The language of the code is not clear, but I think five days must answer for any distance under one hundred miles. If forty-nine be the highest whole number within fifty days, fifty added thereto will make ninety-nine. But I can not think this the true construction. "Within" means, here, "not exceeding," "not beyond," which are some of the definitions given by Webster: and the spirit of the act is, that fifty miles require five days, and one hundred miles six days, and so on. If I am right, then five days' notice in this case was sufficient.

The next question is on the merits of the motion. The complaint does not demand an injunction. The demand of relief is very brief and is as follows: "Wherefore, the said plaintiffs demand judgment that said James M'Crea shall fulfil his said agreement, and give them a deed of the above described premises, and that their costs be awarded to them on this complaint." Section 192, of the code, directs that when it shall appear by the complaint, that the plaintiff is entitled to the relief demanded, such relief, or any part thereof, consists in restraining the commission or continuance of some act of the defendant, the commission or continuance of which, during the litigation, would produce great or irreparable injury to the plaintiff; or where, during the litigation, it shall appear that the defendant is doing, or threatens, or is about to do, some act in violation of the plaintiff's rights, respecting the subject of the action, and tending to render the judgment ineffectual. A temporary injunction may be granted to restrain such act." The 193d section enacts that "the injunction may be granted at the time of commencing the action, or at any time

afterwards, before judgment upon its appearing satisfactorily to the judge by the affidavit of the plaintiff, or of any other person, that sufficient grounds exist therefor. A copy of the affidavit must be served with the injunction." The power to grant the injunction, so far as that power depends upon the code, is found in the section 192. By that it may be exercised, as I understand it, though the provisions are rather obscure, in two classes of cases: 1st, where an injunction is prayed for in the complaint and the act sought to be restrained, will, during the litigation, produce great or irreparable injury; 2d, where during the litigation it shall appear that some act is being done or threatened, or about to be done, violating plaintiff's rights, and tending to render the judgment ineffectual. The first class of cases evidently requires *that the cause or necessity of the injunction should exist when the* action is commenced, and in that case an injunction must be the relief " demanded," or a part of that relief. This means the relief demanded in the complaint, not that asked for on the action. In this case the act of the defendant in getting possession by ejectment could not do " irreparable injury" to the plaintiffs, but if they have paid or tendered all the purchase-money, and built on the premises and possessed it for six years, and are entitled to a deed, it might do " great" injury to put them out of possession, and that is sufficient cause if there were no other objection. But the omission of the proper demand for relief, renders the first branch of the § 192 inapplicable.

Nor does the last branch of the same section aid the plaintiffs. The act to be prevented must " tend to render the judgment," which the plaintiff is seeking to obtain, " ineffectual," which is not this case. In addition to this, I am not certain but the necessity for an injunction should *arise during* litigation. The language is " where during litigation it shall appear that the defendant is doing, or threatens, or is about to do" the act. This is analogous to the former practice. As a general rule, an injunction could only be issued on filing an injunction bill, that is, a bill asking for an injunction in the prayer for relief and for process. But where the court, having full cognizance of the matter, has by its own decree taken it into its own hands, it will interfere by its injunction to prevent injury to the property, either by the parties litigant or others, although there is no injunction prayed by the bill. (Daniels' Ch. Pr. 1834; *Matter of Hemiup*, 2 Paige, 319; 3 Sim. 273; 1 Barb. Ch. P. 619; 1 Hoff. Ch. Pr. 77; *Clark* v. *Judson*, 2 Barb. S. C. R. 90, and cases there cited.) It is safer, in a matter so important as the granting of an injunction, to follow the beaten path of long experience, where it can be done without violating the provisions of the statute.

The 193d section, I do not think, dispenses with the requirements of § 192. It probably was intended the motion might be made upon affidavit, but the necessary facts, the "sufficient grounds" to bring the case within § 192, should be set forth. Whether § 193 prescribes the only manner of making the motion, or leaves the former practice in force, it is not necessary here to decide. It may be added that, in a case of this kind, I think security should be required under § 195. Had the complaint been filed in the cause after a verdict in the first suit, another statute would have applied. The motion must be denied.