## SUPREME COURT.

### CLARK, JR., agt. HARWOOD AND OTHERS.

A *complaint* in equity, under the Code, must not contain the system of *pretence* and *charge* which prevailed in the former Chancery pleading.

That is, under the former system of Chancery pleading, the plaintiff, in his bill, undertook to anticipate the matters which might be brought forward in the answer, by way of defence. These he set forth as *pretences* on the part of the defendant, and as a kind of replication in advance, and to meet and avoid such matters, if they should be set up, he proceeded to allege, in the form of *charges*, certain other matters. This can not now be done. Such matter is redundant. *Facts* are required and *nothing else*.

Where matter in a complaint, though clearly redundant, is not *prolix*, and does not tend seriously to *prejudice* the defendant or *encumber* the record, it will not be stricken out.

*Niagara Special Term, June,* 1853. *Motion to strike out part of the complaint as redundant or irrelevant.* The plaintiff is the assignee of a mortgage executed by the defendant, Harvey M. Harwood, to the firm of Clark and Coleman. The mortgagees accepted the draft of the mortgagor, for his accommodation, to the amount of $1700, and the mortgage was executed for their indemnity. The matters which were the subject of the motion sufficiently appear in the opinion of the court.

G. W. BOWEN, *for Plaintiff.*

F. J. FITHIAN, *for Defendant, Ezra Harwood.*

HARRIS, Justice.—The plaintiff, after setting forth the execution of the mortgage, and the object for which it was executed, and stating that the mortgagor had not put the mortgagees in funds for their acceptance, or in any way reimbursed them for the amount paid by them on his account, proceeds to say,

Clark, Jr., agt. Harwood and others.

"that by reason of the premises the said Harvey M. Harwood was, at the time of the assignment of the mortgage to the plaintiff, indebted to Clark and Coleman in the said amount of $1700, with interest, &c., and that he is now indebted to the plaintiff in the said amount with interest."

That part of the complaint embraced in this extract is, undoubtedly, *redundant*. The plaintiff is to confine himself to a statement of the facts which constitute a cause of action. But here, having stated such facts, he proceeds to state the conclusions which he derives, and would have the court derive, from those facts; that is, that, at the time of the commencement of the action, the mortgagor was indebted to the plaintiff, as the assignee of the mortgagees, to the amount of the draft which they had accepted and paid for him, with the interest thereon. This is, in fact, a part of the judgment which the plaintiff, upon the trial, will ask the court to pronounce upon the facts of the case. It constitutes no part of such facts. The complaint, as a pleading, was complete without it. It was therefore redundant.

And yet, if this were the only matter embraced in the motion, I should not feel inclined to entertain an application to strike it out. Though redundant it is not prolix, and does not tend seriously to prejudice the defendants or encumber the record. In truth, it is quite unimportant whether it remain in the complaint or not.

But there is another part of the complaint which is clearly liable to the objection taken by the defendant. After stating the facts and the conclusions of law, already noticed, the plaintiff proceeds to say that "the said Harvey M. Harwood has sometimes *pretended* that he furnished to said Clark and Coleman, the means to pay said draft, or repaid them therefor, but that such allegation is untrue; and that any and all moneys that were received by them from the said Harvey M. Harwood, to be applied in any way towards such draft, were the proceeds of the discount of a new draft or drafts upon said Clark and Coleman, accepted by them for the express purpose of being discounted to raise funds for them to take up said original draft,

and not upon the personal credit of said Harvey M. Harwood, or by way of advance to him, nor as upon a new transaction; that all said drafts were met and paid by said Clark and Coleman, with their own funds, and have never been reimbursed to them in any way, and that it was the understanding and agreement between said Harvey M. Harwood and said Clark and Coleman, that their claim for the amount paid upon said original draft, and the mortgage security therefor should be in no wise affected by the drawing, discount and remittance of the proceeds of such new draft."

We have in this extract a very fair specimen of the system of *pretence* and *charge* which prevailed so extensively in chancery pleading. The replication being general, the plaintiff undertook to anticipate in his bill the matters which might be brought forward in the answer, by way of defence. These he set forth as pretences on the part of the defendant, and, as a kind of replication in advance, and to meet and avoid such matters, if they should be set up in the answer, he proceeded to allege, in the form of charges, certain other matters. Such charges, the defendant was required to answer, and thus the plaintiff obtained the benefit of an examination of the defendant upon all the matters embraced in the charging part of the bill. I need scarcely say that nothing of this kind is allowable under the Code. Although it has been strenuously contended that the principles of equity pleading are still retained, yet, certainly, so far as it relates to *pretences* and charges, they are no longer allowable. The plaintiff is to state the facts which constitute his cause of action, and nothing more. If the defendant should, as the plaintiff anticipates, set up by way of defence, the matters which he has sought to controvert or avoid, in advance, the provisions of the 168th section of the Code allows him to controvert such matters of defence, in any way he can, without any allegations for that purpose, in any pleading. Thus, the system of pleading, in this respect, at least, is greatly "*simplified*." The pleader, by whom this complaint was drawn, has lost sight of this change in the mode of pleading. He has made, what would have been a very good

specimen of a bill in Chancery. But, as a pleading under the Code, his pretences and charges are irrelevant.

The motion must, therefore, be granted with costs.