## HOUGHTALING vs. RANDEN.

The plaintiff agreed to sell to S. a vessel, S. paying $100 down, and agreeing to make certain other payments, at different times; it being stipulated that until all the payments were made, the vessel should remain the property of the plaintiff; the possession, in the mean time, being delivered to S. On the day of the date of this agreement, S. agreed with R. to carry for him two cargoes of stone; in consideration of which R. gave him his promissory note for $50. This note was subsequently delivered by S. to the plaintiff, to be applied, when paid, upon one of the installments to become due on the contract for the sale and purchase of the vessel. The plaintiff, after having secured the possession of the vessel, on account of the failure of S. to make his payments, brought an action upon the note made by R. It appeared on the trial, that in consequence of the plaintiff having taken the vessel out of S.'s possession, the latter had not been able to carry the stone which formed the consideration for the note. *Held* that the agreement of S. to transport the stone for R., whether performed or not, was a sufficient consideration for the note given by the latter; and that the facts proved did not constitute a defense to the action.

THIS was an appeal from a judgment rendered at the circuit. The action was tried before Justice WATSON, without a jury, at the Ulster circuit, in January, 1855. The facts which were proved upon the trial were as follows: On the 8th of July, 1852, the plaintiff agreed to sell to one Lewis Suffir a vessel for the sum of $500, of which $100 was paid at the time. Of the remaining $400, the sum of $50 was to be paid on the 1st of August, $50 on the 1st of September, $50 on the 1st of December, $100 on the 1st of June, 1853, and $150 on the 1st of December, 1853. Upon these payments being made, the plaintiff was to execute to Suffir a bill of sale of the vessel, but until the payments were all made the vessel was to remain and continue the property of the plaintiff. The payments due on the first of August and September were made, but that becoming due on the first of December was not made, and in consequence of the default, the plaintiff resumed the possession of his vessel.

On the same day that the agreement was made for the purchase of the vessel, Suffir agreed with the defendant to carry for him two cargoes of stone, on account of which the defendant made his promissory note as follows: "July 8, 1852. For value received, we or either of us, promise to pay Isaac Houghtaling

or bearer, the sum of fifty dollars with interest. (Signed) Mor-
ris Randen." This note was delivered by Suffir to the plaintiff,
to be applied, when paid, upon the installment which became
due upon the contract for the sale of the vessel, in June, 1853.
Suffir testified, that the vessel having been taken from him in
December, he had not been able to carry the stone for which
this note was given. The court decided that the plaintiff was
not entitled to recover upon the note, and rendered judgment
for the defendant. From this judgment the plaintiff appealed
to the general term.

*T. R. Westbrook*, for the plaintiff.

*E. Cooke*, for the defendant.

*By the Court*, HARRIS, J. The note in question was made
by the defendant upon a valid consideration. Suffir agreed to
carry for him two cargoes of stone. Had he performed this
agreement, no one would have doubted the validity of the note.
If he has not performed the agreement, he is still liable in dam-
ages for the breach of his contract. Whether performed or not,
the agreement itself was a sufficient consideration for the note.

The plaintiff had entered into another contract with Suffir.
He had agreed to sell him a vessel, and Suffir had agreed to
make certain payments. For a part of one of these payments,
instead of giving his own note, Suffir transferred to the plaintiff
the note he had received of the defendant. The defendant owed
the note to Suffir, and Suffir owed the amount of the note to the
plaintiff. Thus the plaintiff became the holder of the note for
a valuable consideration. The fact that the plaintiff had re-
sumed the possession of the vessel, according to the terms of
his contract with Suffir, would not absolve the latter even, from
his liability to pay his notes given for the price of the vessel.
Much less would it be available as a ground of defense to the
defendant in this action, who was a stranger to the contract for
the purchase of the vessel. The plaintiff had received the note,
valid in its origin and negotiable in form, and had agreed, when

it should be paid, to apply it upon a valid debt he had against Suffir. I can see no legal ground upon which the payment of the note can be successfully resisted. I think the judgment should be reversed, and a new trial granted, with costs to abide the event of the suit.

[ALBANY GENERAL TERM, May 5, 1856. *Harris, Watson* and *Gould,* Justices.]