## SHEARMAN *a.* HART.

*New York Common Pleas; Special Term, August,* 1862.

INJUNCTION.—AFFIDAVITS ON MOTION.—BURDEN OF PROOF.

A covenant in partnership articles, prohibiting either partner from continuing in any business within one block of the premises occupied by the firm, for a lim-ited period after its dissolution, will be enforced by injunction.

Where the party opposing a motion, introduces affidavits setting up new matter, in avoidance of the allegations contained in the affidavits of the moving party, the latter has a right to introduce new affidavits for the purpose of contradict-ing such averments of new matter.

But the moving party will not be allowed to set up new matter in such affidavits in avoidance of the allegations of his opponent.

In proceedings upon a motion,—*e. g.*, an application for a provisional remedy,— the burden of proof lies upon the party holding the affirmative of each particular issue. If the party opposing the motion admits the principal allegations upon which it is founded, but sets up new matter in avoidance, the burden of proof devolves upon him.

Where the evidence or testimony of one party to the action is explicitly contradicted by the evidence or testimony of another, the party holding the affirmative of the issue must be corroborated in some manner, or fail.

Motion for an injunction.

The plaintiff, James A. Shearman, formed a partnership in the lithographic business with the defendant, Charles Hart, on March 12, 1861, which was dissolved by consent on July 2, 1862. The partnership articles provided that neither partner should " continue in business in the building occupied by the firm, nor within one block thereof, for the space of six months after the dissolution of the firm, without the consent of the other." In order to finish up the work of the firm, both partners remained on the premises for about three weeks after the dissolution, without objection on either side. The business of the concern being wound up, the plaintiff withdrew his property from the building in which they had carried on business together, and requested the defendant to refrain from doing any business there, giving him notice that he must abide by the stipulation above mentioned. The defendant refused to comply, and declared his intention to persist in remaining and doing business there. The plaintiff thereupon brought an action to restrain him from so doing, and applied for a preliminary injunction, upon papers showing the above facts.

On the hearing, the defendant admitted these facts, but alleged, in his own affidavit, that the plaintiff had agreed, as a consideration for the defendant's consent to dissolve partnership, that he might remain on the premises after the dissolution. He also alleged that the plaintiff had compelled him to consent to a dissolution, by refusing to go on with the business.

The plaintiff then offered his own affidavit made in court, denying in the fullest manner the existence of any such agreement; and, also, another affidavit, justifying his refusal to proceed with the business, by showing that the defendant had

acted so violently and unreasonably, that it was impossible to go on with advantage.

*Thomas G. Shearman*, for the plaintiff, argued that he had a right to controvert new matter, by affidavits not served with the notice of motion.   He cited Powell *a.* Clark (5 *Abbotts' Pr.*, 70) ;  Florence *a.* Bates (2 *Code R.*, 110).

*F. H. B. Bryan*, for the defendant, contended that the moving party could read no affidavits that were not served with the notice.

HILTON, J. (orally).—Where the opponent of a motion admits the material facts stated in the moving papers, but relies upon new matter in avoidance, the moving party may put in affidavits in denial of such matter, but cannot himself set up new matter.   The first affidavit must, therefore, be admitted, and the second excluded.

The motion was then argued upon the merits.

*Thomas G. Shearman*, for the motion.—I. The complaint states a clear cause of action for the injunction.   A covenant so mild and reasonable as this, has always been enforced by courts of equity, without the least hesitation.   Nay, much more stringent covenants are so enforced.  (*Story's Eq. Jur.*, § 722, *a*; Giles *a.* Hart, 5 *Jurist, N. S.*, 1381 ; Whittaker *a.* Howe, 3 *Beav.*, 394 ; see Duncan *a.* Walker, 1 *H. R. V. Johnson*, 446 ; Vincent *a.* King, 13 *How. Pr.*, 234 ; Dunlop *a.* Gregory, 10 *N. Y.*, 241 ; Holbrook *a.* Waters, 9 *How. Pr.*, 335.)   There is no instance on record in which the court has refused an injunction in aid of a covenant so moderate as this.

II. The denial in the answer of " each and every *material* allegation not previously admitted," is frivolous.   The defendant may choose to consider every allegation immaterial, and so justify himself in denying every thing, though every word of the complaint is true to his own knowledge.   There is no authority for such pleading.   *Voorhies' Code* (202) cites two cases in support of it, neither one of which favors it in the least degree, as will be found on examination.

III. The plaintiff is entitled to this injunction, even though the defendant had not violated the agreement. A well-founded apprehension of mischief is sufficient ground for an injunction. (*Story's Eq. Jur.*, § 862.)

IV. It is not of any importance to inquire whether the defendant meant to injure the plaintiff, or whether he acted in good or bad faith. (Dale *a.* Smithson, 12 *Abbotts' Pr.*, 237.)

V. There is abundant consideration for the agreement in question. Mutual promises are a sufficient consideration. (25 *Barb.*, 21 ; 6 *Ib.*, 179 ; 1 *Man. & Gr.*, 195 ; 13 *Mees. & W.*, 698 ; 10 *N. Y.*, 241.)

VI. A general denial is to be limited by the particular facts set up. And when an answer, after giving the history of a transaction, attempts to eke out the defects of the statement by a general denial of all that is not therein contained, such denial should be construed as merely controverting every thing inconsistent with the former branch of the pleading. (Hatch *a.* Peet, 23 *Barb.*, 575, 583 ; Robinson *a.* Stewart, 10 *N. Y.*, 189.)

VII. The rule that an injunction must be dissolved, if all the equities of the complaint are denied by the answer, has its foundation in the peculiar nature of chancery pleadings, and is inapplicable to pleadings under the Code. 1. The complaint in chancery detailed the evidence and all the circumstances affecting the case. (Rochester City Bank *a.* Suydam, 5 *How. Pr.*, 216 ; Mechanics' Bank *a.* Levy, 3 *Paige*, 606.) 2. It contained interrogatories of the most searching description, to probe the conscience of the defendant. (*Story Eq. Pl.*, § 35 ; *Mitford Ch. Pl.*, 44 ; Mechanics' Bank *a.* Levy, 3 *Paige*, 606.) 3. To all these matters of evidence and interrogatories, the defendant was bound to answer in the most explicit manner. (*Story Eq. Pl.*, §§ 852, 853 : *Van Santv. Eq. Pr.*, 12 ; Mechanics' Bank *a.* Levy, 3 *Paige*, 606 ; Miles *a.* Miles, 7 *Foster*, 445.) And the defendant was thus made a witness for the plaintiff. His answer was evidence in the cause, in his own favor, as well as in favor of the plaintiff. (*Story Eq. Pl.*, §§ 849 *a*, 875 *a* ; 2 *Story's Eq. Jur.*, §§ 1528, 1529.) 4. None of these things are tolerated under the Code. The complaint must contain only the facts constituting the cause of action (*Code*, § 142), not the evidence of these facts (Wooden *a.* Strew, 10 *How. Pr.*, 48 ; Clark *a.* Harwood, 8 *Ib.*, 470 ; Williams *a.* Hayes, 5 *Ib.*, 470 ;

Millikin a. Cary, *Ib.*, 272) ; much less any interrogatories to the defendant (Clark a. Harwood, 8 *How. Pr.*, 470). Both the complaint and answer must be concise (*Code*, §§ 142, 149), and it is thus impossible to search the conscience of the defendant, as was formerly the case. It is, therefore, settled that the defendant's answer is not evidence for him now, as it used to be in chancery ; and, for precisely the same reasons, it ought not to affect the plaintiff's right to an injunction. The cases which seem to maintain a contrary doctrine are either dicta or ill-considered. There is no reported case in which the question was fairly and fully discussed. 5. The pleadings in an action have no connection with the provisional remedies authorized to be had in it. It is neither necessary nor proper that facts, bearing merely upon the right to such remedies, should appear upon the record. So it has been decided with regard to an order of arrest (Corwin a. Freeland, 6 *N. Y.*, 560 ; Sellar a. Sage, 13 *How. Pr.*, 230 ; Field a. Morse, 8 *Ib.*, 47 ; Cheney a. Garbutt, 5 *Ib.*, 467) ; and so with regard to an injunction (Putnam a. Putnam, 2 *Code R.*, 64). 6. The old writ of injunction is abolished by the Code (§ 218), and of course all the rules pertaining thereto fall with it. None of the old rules as to the former writ are necessarily applicable to the Code-created order of injunction. They are to be revived only so far as, in the nature of things, they are just and suitable. Section 469 of the Code does not save them, inasmuch as there never was any practice existing before the Code concerning an order of injunction.

VIII. If the old rule of chancery should be applied at all under the Code, it certainly ought not to extend to an answer containing only general denials. No such form of pleading was tolerated in equity, and on such denials it is quite certain that no injunction would ever have been dissolved before the Code. (*Story Eq. Pl.*, § 852 ; *Mitf. Ch. Pl.*, 309 ; Tipping a. Clarke, 2 *Hare*, 389 ; Woods a. Morrell, 1 *Johns. Ch.*, 103 ; Goodrich a. Pendleton, 3 *Ib.*, 384 ; Wharton a. Wharton, 1 *Sim. & Stu.*, 235 ; Mountford a. Taylor, 6 *Ves.*, 792 ; Pettit a. Candler, 3 *Wend.*, 618 ; Miles a. Miles, 7 *Foster*, 447 ; Hepburn a. Durand, 1 *Bro. C. C.*, 503.) If for no other reason, the obvious fact that a general denial may be intended to apply to the averments of the complaint conjunctively, should be enough to destroy all the force of such a pleading. For it is

well settled that conjunctive denials, or negatives pregnant, are bad. (Shearman *a.* N. Y. Cent. Mills, 1 *Abbotts' Pr.*, 191; . Hopkins *a.* Everett, 3 *Code R.*, 150 ; Tipping *a.* Clarke, 2 *Hare*, 390.)

IX. The true rule, under the Code, would seem to be that all provisional remedies should be placed on the same footing. And, in analogy to the practice on orders of arrest, where the right to the provisional remedy is intimately connected with the right of action, the burden of proof should lie upon the defendant. (Frost *a.* McCarger, 14 *How. Pr.*, 131 ; Republic of Mexico *a.* De Arangoiz, 5 *Duer*, 634 ; Anon., 6 *Abbotts' Pr.*, 320, *n.* ; Bedell *a.* Sturta, *Ib.*, 319, *n.* ; Chittenden *a.* Hubbel, *Ib.*)

*F. H. B. Bryan* and *S. B. Logan,* opposed.—I. The party seeking an injunction must show the court in what way, and how he was injured. (City of New York *a.* Mapes, 6 *Johns. Ch.*, 46 ; New York Printing Establishment *a.* Fitch, 1 *Paige*, 97 ; Osborn *a.* Taylor, 5 *Ib.*, 515 ; Hovey *a.* McCrea, 4 *How. Pr.*, 31.) The complaint in the present case simply shows an agreement not to occupy the premises for business, or within a block of them. It shows no consideration. It simply avers a breach of the promise, and does not show how the plaintiff has been or could be injured.

II. The covenant, that neither party shall continue business, without specifying what business, appears vague from its generality, and is without any consideration to sustain it, unless such may be derived from the copartnership itself.

III. The affidavits show that the plaintiff consented that the defendant should remain on the premises, and conduct the business.

IV. The whole equity of this bill is denied in the affidavits and answers, and in such cases the injunction cannot be granted. (Hoffman *a.* Livingston, 1 *Johns. Ch.*, 211 ; Roberts *a.* Anderson, 2 *Ib.*, 202 ; Couch *a.* The Ulster Turnpike Co., 4 *Ib.*, 26 ; 1 *Barb. Ch.*, 641 ; 6 *How. Pr.*, 341.)

V. The burden of proof lies upon the moving party, and the defendant's affidavit being contradicted only by the plaintiff's, must be taken as true. [HILTON, J.—The burden of proof lies upon him to prove the facts which he alleges. But you admit those facts, and allege a new agreement. The burden of prov-

ing that rests, therefore, upon you.] We submit that our averment is corroborated by the circumstances.

HILTON, J.—By the articles of copartnership between the parties, it was expressly agreed that upon a dissolution neither should continue the business in the building used by the firm, or at any place within one block thereof, for the space of six months thereafter, without the consent of the other.

To avoid the enforcement of this plain stipulation, the defendant claims that there was an understanding had at the time of the dissolution, by which he was to be permitted to continue the business at the place the firm had occupied. But this claim cannot avail him upon this motion, as the affidavit of the plaintiff denies any such understanding, as fully and positively as it is asserted.

The defendant must, therefore, be considered as having failed to establish the existence of the understanding referred to, and the stipulation being thus left in full force, it follows that the plaintiff is entitled to have the defendant restrained from violating it.

Motion to continue injunction until the further order of the court, granted. $10 costs of motion, to abide event of suit.

---

## NORTON a. CARY.

*Supreme Court, Fourth District; Special Term, August,* 1862.

FORM OF SUMMONS.—DEPARTURE OF COMPLAINT.—AMENDMENT.

The summons, in the form prescribed by subdivision 1 of section 129 of the Code, is proper only where the action is upon contract, for the recovery of a sum of money as such, without calling upon the court to ascertain or adjudge any thing but the existence and terms of the contract by which it is due.

In an action to recover both liquidated and unliquidated damages for breaches of contract, the summons should follow the second subdivision.

On a motion to set aside a complaint for departing from the summons in respect to the demand, the court should allow the plaintiff to amend the summons on terms, and to retain the complaint.