# OCTOBER TERM, 1870, AT DETROIT.

---

## Horace T. LeBaron v. Cornelius Shepherd.

*Pleading in Equity: Title: Condition: Allegata et probata; Hypothetical and ambiguous statements: Effect of demurrer.* When the title of the complainant as stated in the bill depends upon the performance of a condition, and the proof shows that the condition was not performed according to its terms; the complainant will not be entitled to the relief he seeks by showing in his proofs an excuse for the non-performance of the condition,—there being no allegation in the bill, on which an issue could be taken, of the facts relied upon to justify or excuse the non-performance of the condition.

A hypothetical statement,—"that if the said J. E. H. left, etc., he did so from and upon a good, sufficient, and justifiable cause,"—is too indefinite to answer any legitimate purpose of pleading. It is, in effect, an indefinite and ambiguous statement of the pleader's opinion, as to the effect of facts not set forth.

General statements in a bill bearing upon the legal effect of a devise are not the subject of an issue of fact; and if such a bill be demurred to, the demurrer would not admit the construction of the devise to be as claimed by the complainant.

*Heard May 11. Decided October 4.*

Appeal in Chancery from Washtenaw Circuit.

Horace T. LeBaron filed his bill in the Circuit Court for the County of Washtenaw in Chancery, against Cornelius Shepherd, to quiet his title to certain lands in Washtenaw County, of which he claimed to be in possession. He sets forth his title generally, that the premises were originally entered and purchased of the Government of the United States by James Hankenson, Jr., and that the same has been conveyed by a regular chain of title, by deed and will, from the said James Hankenson to him; and more particularly that the premises were conveyed by the United States to James Hankenson, and by James Hankenson to Hannah Shutes (late Shepherd) and James Edgar Hanson, in equal undivided shares, by the last will and testament

of said James Hankenson; that said will had been duly admitted to probate by the Probate Court for said County of Washtenaw, and the premises had been duly conveyed by said Hannah Shutes and the said James Edgar Hanson to him; that the said James Edgar Hanson is, and for a long time has been, twenty-one years old, and has had born and still has living issue of his body. He further states that the said will of said James Hankenson in the devise of the one undivided half of said premises to said James Edgar Hanson contained the following provision, to wit: "Provided that my grandson, James Edgar Hanson, shall live and remain with Cornelius Shepherd and Hannah Shepherd until he is twenty-one years of age. But in case James Edgar Hanson, my grandson, shall leave the above Cornelius and Hannah Shepherd before he is twenty-one years old, or dies without issue, then and in such case I give and bequeath the above described land to Hannah Shepherd during her natural life, then to descend to Isaac Hankenson, my brother, his heirs and assigns forever." And "that if the said James Edgar Hanson left the said Cornelius and Hannah Shepherd before he was twenty-one years old, he did so from and upon good, sufficient, and justifiable cause."

The defendant admits the possession of the complainant, the title, will and death of Hankenson, and "admits that the said James Edgar Hanson is twenty-one years of age, and that he has had born, and still has living issue of his body, and he says that the said James Edgar Hanson was about ten years old at the time said will was made and executed by the said James Hankenson, that he continued to live with the said Hannah Shutes, then Hannah Shepherd, and this defendant after the death of the said James Hankenson, and until he was about fifteen years old; that this defendant took care of, educated, clothed, and fed the

LeBaron v. Shepherd.

said James Edgar Hanson during the time he was so living with the said Hannah Shutes and this defendant, and that he used all his efforts to persuade him to continue to live with the said Hannah and this defendant, but that he voluntarily left the said Hannah and this defendant, when he, the said James Edgar Hanson, was about fifteen years old, contrary to the provisions of said will, and that he did so without any good, sufficient, or justifiable cause, and contrary to the wishes and solicitations of this defendant, and remained away till after he was twenty-one years of age." And he insists, " that the absolute title to said lands became vested by the will of the said James Hankenson, the conditions thereof having been broken, in the said Isaac Hankenson, subject to the life estate, in said lands, of the said Hannah Shutes, and that the said Isaac Hankenson conveyed said lands to this defendant by a quit-claim deed."

The defendant claimed in his answer the benefit of a demurrer to the bill, alleging among other grounds of demurrer,

" Because it does appear in and by said bill that upon the failure on the part of the said James Edgar Hanson to perform the conditions specified in said will, the said premises were devised to the said Isaac Hankenson, and it does not appear by said bill that the said conditions were performed, nor that the said Isaac Hankenson was guilty of any act, saying, or doing to prevent the performance of the said conditions, or to defeat or divert the estate so devised to him."

A replication was filed, and a large amount of testimony taken as to the causes which induced Hanson to leave the house of defendant and cease to live with him.

The cause was heard on pleadings and proofs, and the Court adjudged the complainant to be the owner of a con-

21 MICH.—II².

ditional fee in the undivided half of the lands claimed,
" and that said defendant is not lawfully entitled to claim
any right, title, or interest in said lands, or any part
thereof, by reasons of or through the failure of said James
Edgar Hanson to live and remain with said Cornelius
Shepherd and Hannah Shepherd until he was twenty-one
years of age, or by reason of said James Edgar Hanson
having left the said Cornelius Shepherd and Hannah Shep-
herd before he, the said James Edgar Hanson, was twenty-
one years of age." The defendant was perpetually enjoined
from setting up any such failure, etc., and was required to
execute and deliver to the complainant a release of all
claims to said land founded on any such leaving by said
James Edgar, as aforesaid, or on any such failure of the
said James Edgar to live and remain with said Cornelius
and Hannah.

From this decree, the defendant appeals to this Court.

*Joslin & Blodget* and *H. J. Beakes,* for complainant.

*Felch & Grant* for defendant.

The complainant's case, as made by the proofs, is imper-
fect and defective; is still more so on his pleadings. The
testimony has added beyond the allegations in the bill,—
*First,* the entire will of James Hankenson; *second,* the
relation and relative situation of the several parties named
therein; *third,* the conveyance of James Hankenson's interest
to the defendant; and *fourth,* evidence intended to show
an excuse for Edgar's failing to perform the condition
attached to the devise to him. Much of this testimony
was objected to, as not within the allegations made in the
bill.

No allegation as to whether the condition was performed

or not, is contained in the bill. We insist upon these allegations:

That the complainant has not in his bill alleged title in himself sufficiently clear, definite and certain to enable him to maintain the suit.

It shows that Edgar had no estate in the premises but on condition. It should show either that he remained with Cornelius and Hannah till twenty-one, and so took the title, or that he left before he arrived at that age, and give facts constituting a legal waiver of the condition. It is now in the alternative—not alleging that he remained, nor that he left—and if he left, not saying what the reasons for so doing were. This is insufficient under the *general rules* of pleading. Complainant's title must be set out with certainty.—*Story Eq. Plead.* § *242, 244, 245, 245 a, 246, 247, 254, 255; 1 Dan. Ch. P., 373; Soulmire v. Heidelborg, 32 Miss., 268; Keer v. Freeman, 32 Miss., 292; Wormland v. DeLisle, 3 Beavan's Ch., 18; Houghton v. Reynolds, 2 Hare, 264 and note; Moran v. Palmer, 13 Mich., 368.* And this rule applies more forcibly still in the proceeding to remove a cloud on complainant's title. Complainant must show a perfect, clear, unconditional title, either legal or equitable.—*2 Comp. Laws, § 3490; Stockton v. Williams, Walk. Ch., 120; Stockton v. Williams, 1 Doug., 546; Ross v. Young, 5 Sneed, 627; Alton Ins. Co. v. Buckmaster, 13 Ill., 201.*

GRAVES, J.

This case was brought to a hearing at the last spring term, and was then argued by counsel for the defendant upon an elaborate brief containing the points, and a reference to the authorities relied on. The counsel for complainant, not being then prepared with a brief, submitted a number of points chiefly upon the facts, and containing no citation of

authorities upon any of the important questions of law involved, and he did not pretend to address himself to the material law points in the case. It was, however, arranged by counsel, in order to get the case before the Court and avert the consequences of an *ex parte* hearing, that a brief upon the law of the case should be thereafter prepared within a week on the part of complainant, which, on being examined by counsel for defendant, and answered, if thought needful, by counter citations, should be delivered to the Court. Under these circumstances the Court reluctantly consented to take the case under advisement. A re-argument having in the meantime been required in another important case, in which the counsel was engaged who was to prepare the brief, we were informed on such re-argument, that in consequence of the labor which a preparation for that had imposed, it had been found impossible to prepare the brief in the present case within the time specified ; and that the counsel for defendant had allowed further time. Failing to receive the promised brief, an examination of the case was deferred, in the expectation that the neglect would be explained in some way at the July term. This expectation not being realized, but the matter remaining at the end of that term as it stood at the adjournment of the former term, we think the complainant abandoned the right to be further heard, and that it is due to the defendant to dispose of the case at this term.

In all cases of doubt and difficulty, it is of much importance that the Court should have the assistance of counsel, not only because the judges may thereby be relieved from unnecessary labor, but because the ability and diligence of counsel may materially lighten the path of investigation, and assist in reaching a result which might otherwise be missed. Every one at all conversant with the subject must be aware that in the examination of intricate

cases embracing points which admit of considerable debate, and deserve to be viewed from different positions and under various aspects and relations, the judicial mind will often be led by thorough discussion by opposing counsel, to conclusions very different from any which would have been formed upon an *ex parte* or one-sided argument. It is, therefore, not without danger, that a Court proceeds to adjudicate such a case without a full hearing in some form on both sides. This view, which accords with all our experience, has been always recognized by the Courts in this country and in England, and is sanctioned by the theory and general course of our system.

Now, the fundamental question underlying the present case, is one of considerable difficulty. It deserves to be investigated with care by counsel, in the light of reason and authority, and to be critically considered by the Court after such assistance; and unless that question has been so brought forward by complainant as to require its determination upon the present record, I think we ought not to pass upon it. Upon a careful inspection of the bill, and bearing in mind that the answer contains a clause of demurrer, I am satisfied that it would not warrant a decree for complainant upon his own theory. Nearly all the evidence is directed to the question alluded to, but I think the bill is not so framed as to allow that question to be litigated in the face of the objection taken by the defendant.

It is true, that in some cases when the whole matter has been gone into and been fully heard, and the court has seen that the only obstacle to a decree upon the merits, and which would terminate the litigation, consisted in a defect in the bill which could and ought to be remedied by an amendment, the point has been settled by the appellate court in anticipation of an amendment in the court below under an order of the former. But in all instances

of that kind the appellate court ·has encountered no objection to a disposition of the case in that way, except the defect in the pleading. No case in the position of this has been so disposed of. Here, aside from the difficulty arising from the defect in the bill, the real question being one of great nicety in its legal aspect, is before us without argument or the citation of authority by the complainant to support that legal view which is indispensable to him. I think, therefore, we ought not to pronounce an opinion upon that question.

It is seen to be assumed that the point agitated by the evidence, and on which the complainant relies for a decree, is not properly triable under the allegations of the bill. To show that this assumption is well founded it is necessary to recur to the record.

The bill was filed to quiet the title of complainant to the east half of the northeast quarter of section twenty in the township of York in the County of Washtenaw, and was founded on section 3490, Compiled Laws. One James Hankenson, Jr., being the owner of this land, by his last will devised one undivided half to Hannah Shepherd absolutely, and the other undivided half to James Edgar Hanson under conditions, failing which, then to Hannah Shepherd for life, remainder in fee to Isaac Hankenson. At the time of the death of the devisor, Hanson was about ten or eleven years of age, and was residing with the defendant and Hannah Shepherd. The defendant claims under the residuary devisee, Isaac Hankenson, and insists that he has acquired the right devised to him. He disclaims any possessory right during the life of Hannah Shepherd. The question which the complainant makes relates to the right acquired by Hanson under the devise, he insisting that under the circumstances disclosed by the evidence Hanson became absolute owner. The defendant, on the contrary, contends

that Hanson disentitled himself under the condition and that Isaac Hankenson, defendant's grantor, became vested with the remainder in fee.

The bill, following the terms of the will so far, states that the undivided half in question was devised to James Edgar Hanson, complainant's grantor, upon condition that he should live and remain with Cornelius Shepherd and Hannah Shepherd until he should be twenty-one years of age, but that, if he should leave them before he should be twenty-one, or should die without issue, that then it should go to Hannah Shepherd for life and on her death descend to Isaac Hankenson in fee.

The complainant by the bill asserts Hanson's title through this devise, but does not allege performance of the condition nor set up any facts whatever as serving to prevent performance, or as constituting an excuse for non-performance, nor does the bill contain any explicit admission that Hanson failed for any reason to keep the condition. In short it is impossible to gather from the bill whether the condition in the devise was kept or not, and, if not kept, what was the occasion of the failure.

The only passage in it which refers in any manner to the performance or non-performance of the condition is in the following words:—" And your orator charges the truth to be that IF said James Edgar Hanson left the said Cornelius and Hannah Shepherd before he was twenty-one years old, he did so from and upon good, sufficient and justifiable cause." This neither admits that he went away nor denies it. It is a hypothetical declaration merely, and even then is so much at large and so indefinite as to answer no legitimate purpose of pleading where it is found.—*Grim v. Wheeler, 3 Edwards R., 334; McIntyre v. Trustees Union College, 6 Paige, 239, 251.* It is not laid as a pretense. It contains no facts upon which an issue could be formed. It

is not only equivocal but seeks to embody a conclusion composed of fact and law, which the Court might or might not sanction after seeing the facts. Or in other words it is an indefinite and ambiguous statement of the pleader's opinion of the effect of facts not set forth, and based upon a hypothetical premise, and according to well established principles, it should be taken most strongly against the pleader.—*Shedden v. Patrick, 28 E. L. & E. R., 56, 68 ; Foss v. Harbottle, 2 Hare, 461, 502 ; Vernon v. Vernon, 2 Mylne & Craig, 145 ; Attorney General v. The Mayor of Norwich, Ib., 406, 423 ; Balls v. Margrave, 3 Beav., 284; Case v. Humphrey, 6 Connect. R., 130 ; Columbine v. Chichester, 2 Phil., 28 ; McElwain v. Willis, 9 Wen., 549 ; Ferriss & Eaton v. North American F. I. Co., 1 Hill, 71; Slocum v. Clark & Saxton, 2 Hill, 475.* The word "IF" involves the whole sentence in a degree of uncertainty repugnant to the rules of pleading. Besides there is no attempt to state the nature of the cause of Hanson's leaving, if his going away had been set up, nor by whom, if by any one, he was prevented or excused, nor any fact or circumstance regarded as a "justifiable cause." That this extract is quite insufficient to bring into question the point that Hanson left by compulsion of defendant, or in consequence of such bad conduct on the part of the latter as to "JUSTIFY" or excuse the act of leaving, supposing the non-performance of the condition could be answered on such grounds,—a matter on which no opinion is expressed,—appears to me to be certain. In the absence of any clause of demurrer in the answer, I should think the bill insufficient, in the particular alluded to, to warrant a decree for complainant. —*Story's Eq. Plead.,* § *447; Adams Eq., 303, margin; Cheuvete v. Mason, 4 Greene (Iowa), 231 ; Munson v. Sears, 12 Iowa, 172 ; Grim v. Wheeler, 3 Edwards R., 334; Mechanics' Bank v. Levy, 3 Paige, 606, 612 ;* also *1 Daniel*

*C. P.*, *365, 366, 367, 374.* It was for complainant to show title in himself to the undivided interest conditionally devised to young Hanson, inasmuch as the equity of complainant depended upon it. It was, therefore, necessary to allege in direct and positive terms and with reasonable certainty that the condition had been performed or kept, or according to complainant's theory he should have admitted expressly and unequivocally that Hanson left before he was of age, and then followed the admission by a statement in direct and unambiguous terms of the facts relied upon to excuse or justify his leaving; and the following authorities, it is believed, support and illustrate this position: *Story's Eq. P.*, §§ *241, 255, 257; Adams Eq., 308, margin; 1 Daniel C. P., 328, 330, 366, 374; Opinions of Parke, Wightman and Earle, Judges in Egerton v. Earl Brownlow, 4 House Lords cases, 1; Arkwright v. Colt, 2 Young & Coll., 4, 8; Balls v. Margrave, 3 Beav., 284; Wormald v. DeLisle, 3 Beav., 18; Hunter v. Daniel, 4 Hare, 420, 432; Attorney General v. Norwich, 1 Keene, 700, 710, 713; Same case on appeal, 2 Mylne & Cr., 406; Hammond v. Messenger, 9 Sim., 327, 335, 336; Baker v. Harwood, 7 Sim., 373; Stansbury v. Arkwright, 6 Sim., 481; Jossaume v. Abbot, 15 Sim., 127; Ryves v. Ryves, 3 Ves. Jr., 343; Walburn v. Ingilby, 1 Mylne & K., 61, 77; Davis v. Harrison, 4 Litt., 262; Cruger v. Halliday, 11 Paige, 314; McElwaine v. Willis, 9 Wend., R., 549; James v. McKernon, 6 Johns., 543, 564; Woodcock v. Bennett, 1 Cow. R., 711, 734; Bard & Wetmore v. Chamberlain, 3 Sandf. Ch. R., 31; Hutchinson v. Brown, 1 Clarke R., 408, 421, 422; Peck v. Mallams, 6 Selden, 509; Rainier v. Howell, 1 Stockton R., 121; Hough v. Canby, 8 Blackf., R., 301; Newhouse v. Hill, 7 Blackf. R., 584; Beach v. Norton, 9 Connect. R., 182; Wolcott v. Jones, 4 Allen, 367; Langdon v. Goddard, 2 Story R., 267; Beaubien v. Beaubien, 23*

*How.*, *190 ; Wilson v. Stolley, 4 McLean, 275 ; Cook v. Beacher, 1 Root, 483 ; Wigram on Discovery, 54, 126, 127, 133, 134.*

The necessity for adhering to the substantial rules of pleading, and also to the rule which confines the evidence to the issue has been often stated by eminent Judges and is certainly unquestionable. In *Bellamy v. Sabine, 2 Phillips, 425, 448,* Lord Cottenham said :—" The rights of parties litigating in equity must be decided *secundum allegata et probata.* Attempts to reach the supposed equities by departing from the rules of the court, which have been established for the purpose of ascertaining and administering justice, generally lead to results in the particular cases, the reverse of what was intended, and introduce disorder, uncertainty and confusion into the general practice of the court." In alluding to the same general subject in an earlier case, Chief Justice Marshall said :—" The counsel for the appellant says it would be monstrous if, after the parties have gone to trial on the validity of the entry, and have directed all their testimony in the Circuit Court to that point, their rights should be made to depend in the appellate court on a mere defect in the pleadings, which had entirely escaped their observation in the court where it might have been amended and the non-existence of which would not have varied the case. The hardships of a particular case would not justify this tribunal in prostrating the fundamental rules of a court of chancery ; rules which have been established for ages, on the soundest and clearest principles of general utility. If the pleadings in the cause were to give no notice to the parties or to the court of the material facts on which the right asserted was to depend, no notice of the points to which the testimony was to be directed, and to which it was to be limited ; if a new case might be made out in proof, dif

fering from that stated in the pleadings, all will perceive the confusion and uncertainty which would attend legal proceedings and ' the injustice which must frequently take place. The rule that the decree must conform to the allegations as well as to the proofs of the parties, is not only one which justice requires, but one which necessity imposes on courts. We cannot dispense with it in this case." *Crockett v. Lee, 7 Wheat., 522.*

It is very clear that the general statements in the bill bearing upon the legal effect of the devise are of no importance. They would have been without consequence if the defendant had rested the case on a demurrer, since a demurrer would not admit the complainant's construction of the will, and statements of the kind in question would not be the subject of an issue of fact.—*1 Daniel C. P., 566, 567; Williams v. Steward, 3 Meriv., 472, 503; Games v. Robb, 8 Iowa, 193; Smith v. Henry County, 15 Iowa, 385; Lea and others v. Robeson and others, 12 Gray, 280.*

I think a proper construction of the bill warrants the conclusion that the ground relied on by complainant at the hearing, that Hanson went away from defendants'; that he was prevented from staying by the latter, or justified in leaving by his harsh and cruel treatment, was not made by the bill, and that the evidence on the subject was foreign to any issue made by the pleadings. Under this view of the case, numerous decisions of this Court, as well as others, would require us to reject the evidence relating to Hanson's going away and its cause.—See *Moran v. Palmer, 13 Mich., 367, 372; Gorham v. Wing, 10 Mich., 486, 494, 495; Manning v. Drake, 1 Mich., 34; Montesquieu v. Sandys, 18 Vesey, 302, 312, 313, 314; Stuart v. Farmers & Mechanics' Bank, 19 Johns., 496; Campbell v. Consalus, 25 N. Y., 613; Van Riper v. Claxton, 1 Stockton, 302; Boone v. Chiles, 10 Peters, 177, 208;* and other

cases before cited. But if the passage in the bill which has been quoted and commented on is not to be considered as blotted out of the bill, I think it so fundamentally defective in its elements and frame-work, so objectionable on various grounds, as to be insufficient to raise an issue of fact for the admission of the evidence in question.

Considering, therefore, the incongruity between the bill and the proof, and that upon complainant's theory of the evidence, the bill would not warrant a decree. in his favor, and also considering that the point agitated by the evidence and relied on by complainant is one of doubt and difficulty, and which he has not thought it needful to present or discuss in the light of authority, I think no opinion should now be pronounced upon that point, and that the decree below should be reversed and the bill dismissed with costs to the defendant, but without prejudice.

The other Justices concurred.